## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Dwayne Deleston,

                        Petitioner,

                                                  Civ. No. 12-439 (RHK/SER)
                                                  **ORDER**

v.

Federal Bureau of Prisons,

                        Respondent.

      This matter is before the Court *sua sponte*.

      This is at least the third attempt by the Petitioner, an inmate at the Federal Correctional Institution in Sandstone, Minnesota, to attack his conviction in, and 240-month sentence imposed by, the United States District Court for the District of South Carolina.  Two previous Petitions filed in this Court were summarily dismissed for lack of jurisdiction.  See Deleston v. Federal Bureau of Prisons, Civ. No. 11-1205; Deleston v. Federal Bureau of Prisons, Civ. No. 11-711.  The Court need not belabor here the reasons the prior Petitions were dismissed.  Suffice it to say, the reasons supporting dismissal of those Petitions apply with equal force here.  Accordingly, the Petition is **SUMMARILY DISMISSED** pursuant to Rule 4 of the Rules Governing 28 U.S.C. § 2254 Cases in the United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although the Rules Governing 28 U.S.C. § 2254 Cases are most directly applicable to habeas petitions filed by state prisoners, they may also be applied

Furthermore, at this point Petitioner should be thoroughly familiar with the reasons why he cannot challenge his 2001 conviction and sentence in a § 2241 habeas petition, as those reasons have been explained to him twice before.  As far as the Court can tell, Petitioner has not presented a viable claim in any of the Petitions he has filed in this Court.  Rather, it appears that Petitioner's "serial-filing" is a gross abuse of the federal court system.  Accordingly, <u>Petitioner is warned that if he continues to file frivolous Petitions in this Court, his unfettered access to the federal courts might be restricted (through the imposition of a filing injunction and/or pre-filing review by a judicial officer) and the Court may impose other sanctions on him</u>.

The Petition (Doc. No. 1) is **DISMISSED**.  The Application to Proceed *In Forma Pauperis* (Doc. No. 2) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: March 1, 2012                                s/Richard H. Kyle
                                                    RICHARD H. KYLE
                                                    United States District Judge

---

to petitions brought under 28 U.S.C. § 2241.  <u>See</u> Rule 1(b) of the Rules Governing 28 U.S.C. § 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not" filed under § 2254.); <u>Mickelson v. United States</u>, Civ. No. 01-1750, 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002) (Tunheim, J.).